

ENTERED
03/07/2017

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| IN RE: § <br> ANDRES ADAN ARREDONDO; aka § <br> ARREDONDO; dba A&H MOTORS, INC, § <br> *et al* § <br>     Debtor(s) § <br> § <br> § <br> ──────────────────────────── § <br> TALFORD L. SCHUBERT § <br>     Plaintiff(s) § <br> § <br> VS. § <br> § <br> ANDRES ADAN ARREDONDO, *et al* § <br>     Defendant(s) § | CASE NO: 16-20226 <br><br><br><br> CHAPTER 7 <br><br><br><br><br><br> ADVERSARY NO. 16-2016 |

## MEMORANDUM OPINION

    Talford L. Schubert filed this adversary proceeding against Andres Adan Arredondo to except Arredondo's debt to Schubert from discharge under 11 U.S.C. § 523(a)(2), (4), and (6). Arredondo moves for summary judgment on the basis that Schubert cannot prove certain material facts in the adversary proceeding under FED. R. CIV. P. 56, and that Arredondo should prevail as a matter of law. Arredondo's motion for summary judgment is denied. However, the Court construes Arredondo's motion for summary judgment as a FED. R. CIV. P. 12(b)(6) motion to dismiss and allows Schubert 21 days from the date of issuance of this Memorandum Opinion to respond or file an amended complaint.

### Background

    Arredondo previously owned, operated, and served as the president of A&H Motors, a used car dealership. (ECF No. 15 at 3; ECF No. 17 at 9). On July 3, 2013, Arredondo sent Schubert an initial loan proposal in order to solicit a capital investment for A&H Motors. (ECF No. 17 at 8–10). Schubert submitted an alternative loan proposal to Arredondo for a capital

investment in A&H Motors on July 8, 2013. (ECF No. 17 at 11–13). In connection with his alternative proposal, Schubert drafted and submitted to Arredondo a promissory note dated July 11, 2013, that promised to lend Arredondo $620,000.00 for business, commercial, investment, or similar purposes. (ECF No. 17 at 3, 14–16). This promissory note was signed by Arredondo and Schubert and was notarized; however, Arredondo disputes the validity of this note. (ECF No. 17 at 14–16). On April 1, 2015, Schubert drafted and submitted to Arredondo a second promissory note that promised to lend Arredondo $420,000.00 for business, commercial, investment, or similar purposes; this promissory note was signed by Arredondo and Schubert, but was not witnessed, signed, or sealed by a notary public. (ECF No. 17 at 17–19).

On June 16, 2016, Arredondo filed a voluntary chapter 7 bankruptcy petition. On September 19, 2016, Schubert filed this adversary proceeding in order to except Arredondo's debt to Schubert from discharge under 11 U.S.C. § 523(a)(2), (4), and (6). (ECF No. 1 at 1). Subsequently, Schubert filed a first amended complaint on November 1, 2016, and a second amended complaint on December 7, 2016. (ECF No. 9; ECF No. 15).

In response to Schubert's second amended complaint, on December 20, 2016, Arredondo filed a "no evidence" motion for summary judgment. (ECF No. 17). Arredondo argued in his motion for summary judgment that Schubert cannot raise a genuine issue of fact as to certain matters that Arredondo listed as material within the motion. (ECF No. 17 at 1). Schubert filed a response to Arredondo's motion for summary judgment on January 5, 2017. On January 10, 2017, Arredondo submitted a reply. (ECF No. 19). The Court took Arredondo's motion for summary judgment under advisement on February 15, 2017.

### Schubert's Allegations

Schubert argues in his second amended complaint that Arredondo obtained a loan from

Schubert through false pretenses, false representations, and willful intentions to deceive Schubert. (ECF No. 15 at 3). Schubert specifically alleges that:

- Arredondo is indebted to Schubert pursuant to the 2013 and 2015 promissory notes;

- Schubert holds a lien on all assets of A&H Motors' vehicle inventory and sales contracts;

- A&H Motors is a Texas corporation owned and controlled by Arredondo to the extent that A&H Motors should be considered Arredondo's alter ego;

- Schubert did not file a UCC-1 financing statement in connection with his liens on all assets of A&H Motors' vehicle inventory and sales contracts;

- On July 11, 2013, Schubert loaned Arredondo $220,000.00 as a result of Arredondo's: overstatement of the amount of A&H Motors' sales during the prior three years; overstatement of A&H Motors' profits; overstatement of the value of A&H Motors' accounts receivable; failure to disclose that the shareholder investment of $582,500.00 described in Arredondo's initial loan proposal was the result of substantial loans made to Arredondo; overstatement of the value of A&H Motors' inventory; failure to inform Schubert that A&H Motors' inventory and accounts receivable were subject to liens prior to Schubert's liens; and failure to pay off existing debt owed by A&H Motors with Schubert's loan after informing Schubert that Arredondo would do so;

- On January 31, 2014, Schubert made a loan to Arredondo as a result of misrepresentations made in Arredondo's December 31, 2013, balance sheet and profit and loss statement. These misrepresentations included: an overstatement of A&H Motors' profits; an overstatement of the value of A&H Motors' accounts receivable and inventory; and false statements that Arredondo made loans to A&H Motors in the amount of $582,500.15;

- Arredondo falsely claimed to have made substantial personal investments in A&H Motors, when he actually obtained loans from others in his name and then transferred some or all of these loans to A&H Motors;

- Arredondo overstated the value of A&H Motors' accounts receivable by including all payments to be made in the future on a financed vehicle as actually earned in full as of the date of the vehicle's sale;

- Arredondo overstated A&H Motors' profits by excluding the interest owed on the loans taken out in his own name;

- Arredondo overstated the value of A&H Motors' inventory because A&H Motors typically held only a dozen or less vehicles for sale at any particular time;

- Arredondo continued to make these misrepresentations after Schubert made the two loans to Arredondo.

- Arredondo borrowed over $100,000.00 from multiple lenders shortly before closing A&H Motors on or about December 31, 2015, generating more debt against the assets of the business;

- Arredondo used hundreds of thousands of dollars from the business loans he obtained for the benefit of A&H Motors for his personal purposes;

- Arredondo's bankruptcy schedules reflect more debt for A&H Motors than represented to Schubert;

- Arredondo owes Schubert $420,000.00 in principal and $162,059.97 in interest as of June 16, 2016, totaling $582,059.97;

- Arredondo failed to make any payments on his indebtedness to Schubert; and

- Schubert reasonably relied on Arredondo's willful misrepresentations and thereby suffered injury, including: the loss of the principal amount loaned to Arredondo and A&H Motors; the loss of the interest owed on the debt obligations executed by Arredondo in favor of Schubert; attorney's fees and related expenses Schubert incurred to protect his rights; and exemplary damages from Arredondo's fraudulent and wrongful conduct.

(ECF No. 15 at 3–7).

Schubert asserts that the foregoing conduct of Arredondo constitutes adequate grounds under 11 U.S.C. §§ 523(a)(2), (4), and (6) to except Arredondo's debt to Schubert from discharge.

## Jurisdiction

The district court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Because this is a core proceeding, the Court has congressional authority to render a final judgment. Nevertheless, this Court may not issue a final order or judgment in matters within the exclusive constitutional authority of Article

III courts. *Stern v. Marshall*, 564 U.S. 462, 502 (2011). Actions to determine the dischargeability of debt under § 523 fall within the Bankruptcy Court's constitutional authority. *In re Cowin*, 538 B.R. 721, 729 (S.D. Tex. 2015); *see also In re Hart*, 564 F. App'x 773, 776 (6th Cir. 2014) ("[W]e held post-*Stern* that the bankruptcy court had authority to enter final judgment on dischargeability claims . . . ."). Accordingly, the Court has authority to enter a final judgment in this matter.

## Summary Judgment Standard

Arredondo titled his motion for summary judgment as "Defendant's No Evidence Motion for Summary Judgment." (ECF No. 17 at 1). Although a part of Texas law and procedure, federal law does not recognize "no evidence" summary judgments. *Castenada v. Flores*, 2007 WL 1671742, at * 2 (S.D. Tex. June 8, 2007); *Royal Surplus Lines Ins. Co. v. Brownsville Indep. School Dist.*, 404 F. Supp. 2d 942, 948 (S.D. Tex. 2005) ("The concept of a 'no evidence' summary judgment neither accurately describes federal law nor has any particular import in the vernacular of federal summary judgment procedure."); *In re Perry*, 2009 WL 2753181, at *3 (Bankr. S.D. Tex. Aug. 26, 2009) ("[T]here is no such thing as a 'no evidence' summary judgment under Federal Rules."); *In re Hydro Action*, 341 B.R. 186, 194 (Bankr. E.D. Tex. 2006) ("While federal law clearly contemplates summary judgment in circumstances where there is truly no evidence of an essential element, the party moving for summary judgment must make some showing that evidence on an essential point is wholly lacking.").

However, FED. R. CIV. P. 56 provides an analogous alternative to "no evidence" motions for summary judgment that applies to this suit. *Castenada*, 2007 WL 1671742, at * 2; *Royal Surplus Lines Ins. Co.*, 404 F. Supp. 2d at 948. Accordingly, the Court considers Arredondo's motion for summary judgment as one that invokes the framework originally set forth in *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and is applicable when a party that does not bear the burden of proof at trial moves for summary judgment.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). FED. R. BANKR. P. 7056 incorporates Rule 56 in adversary proceedings. A party seeking summary judgment must demonstrate the absence of a genuine dispute of a material fact by establishing the absence of evidence supporting an essential element of the non-movant's case. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009). A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Ben-Levi v. Brown*, 136 S. Ct. 930 (2016).

"The moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 536 (5th Cir. 2015). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial. Where, as here, the nonmovant will bear the burden of proof at trial, the movant must show an absence of sufficient evidence to support an essential element of the non-movant's claim. *Celotex*, 477 U.S. at 325.

If the movant satisfies its initial burden, "[t]he burden then shifts to 'the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to

interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Davis v. Ft. Bend Cty.*, 765 F.3d 480, 484 (5th Cir. 2014) (quoting *Celotex*, 477 U.S. at 323). A party may not "defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Id.* (quoting *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Id.* at 324. The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## Analysis

### *Arredondo's Initial Summary Judgment Burden*

Arredondo argues that Schubert failed to provide evidence establishing that Arredondo committed any fraudulent acts or wrongdoings in connection with the two alleged loans paid out to Arredondo by Schubert. (ECF No. 17 at 5). Specifically, Arredondo asserts that Schubert failed to prove through his second amended complaint that:

- Arredondo's initial loan proposal to Schubert was approved—not rejected—by Schubert;

- The loan amount and payment terms listed in the initial loan proposal were incorporated into the two promissory notes contemplated between Arredondo and Schubert;

- Arredondo asked for a loan of $600,000.00 or $620,000.00;

- Arredondo requested to pay back the ultimate loan from Schubert over, approximately, two-and-a-half years from receipt of the initial loan installment;

- Schubert is an owner of A&H Motors;

- The two promissory notes contemplated between Arredondo and Schubert were written directly to A&H Motors;

- Any loan installments made by Schubert were directly paid to the order of A&H Motors;

- Arredondo received any cash, check, money order, or cashier's check in the amount of $350,000.00 from Schubert; and

- The last loan installment was paid to the order of Andres Arredondo on January 31, 2015.

(ECF No. 17 at 4–5).

Arredondo offers four exhibits in support of his assertions, three of which he uses to identify those portions of the record that he believes demonstrate the absence of a genuine issue of material fact.

Exhibit 1, the initial proposal drafted by defendant, is Arredondo's initial capital investment proposal for A&H Motors offered to Schubert. (ECF No. 17 at 8–10). Arredondo submitted Exhibit 1 in order to highlight Schubert's need and failure to prove that: Arredondo's initial loan proposal was approved by Schubert; and that the loan amount and payment terms listed in Exhibit 1 are incorporated into the two promissory notes exhibited in Exhibits 3 and 4. (ECF No. 17 at 4).

Exhibit 3, the promissory note dated July 11, 2013, presents the proposed loan terms between Arredondo and Schubert as of July 11, 2013. Arredondo submitted Exhibit 3 in order to highlight Schubert's need and failure to prove that: the loan amount and payment terms listed in Exhibit 1 are incorporated into Exhibits 3 and 4; Arredondo requested to pay back the ultimate loan from Schubert over approximately two-and-a-half years from receipt of the initial loan installment listed within Exhibit 3; the two promissory notes presented in Exhibits 3 and 4 were written directly to A&H Motors; and on January 31, 2015, the last loan installment listed in the promissory note of Exhibit 3 was paid to the order of Arredondo. (ECF No. 17 at 4–5).

Exhibit 4, the promissory note dated April 1, 2015, presents the proposed loan terms between Arredondo and Schubert as of April 1, 2015.  Arredondo submitted Exhibit 4 in order to highlight Schubert's need and failure to prove that: the loan amount and payment terms listed in Exhibit 1 are incorporated into Exhibits 3 and 4; and the promissory notes were written directly to A&H Motors.

Arredondo's arguments and exhibits fail to demonstrate an absence of sufficient evidence in Schubert's second amended complaint to support essential elements of Schubert's claims against Arredondo.  Schubert specifically asserts that he loaned money to Arredondo on the basis of Arredondo's false pretenses, fraud, and willful misrepresentations regarding the financial stability of A&H Motors.  (ECF No. 15 at 3–7).  Meanwhile, Arredondo only underlined an absence of sufficient evidence on whether Schubert's loan was executed in favor of A&H Motors or Arredondo personally, as well as on whether a valid promissory note existed between Arredondo or A&H Motors and Schubert.  (ECF No. 17 at 4–5).  This absence of evidence pointed out by Arredondo does not directly or indirectly address Schubert's assertion that Arredondo used fraudulent or false means to induce Schubert into entering a loan agreement with Arredondo or A&H Motors.

Regardless of whether the ultimate loan agreement was between Arredondo or A&H Motors and Schubert, or whether the ultimate loan agreement was valid, Arredondo failed to demonstrate an absence of sufficient evidence that he obtained a loan from Schubert by means of false pretenses, false representations, and willful intentions to deceive Schubert under 11 U.S.C. §§ 523(a)(2), (4), & (6).  The Court thus finds that Arredondo failed to meet his initial burden under FED. R. CIV. P. 56 and related case law.  Accordingly, the Court denies Arredondo's motion for summary judgment.

*Recharacterization of Arredondo's Motion*

District courts hold the duty to determine the true nature of a pleading by its substance rather than its labels. *See Armstrong v. Capshaw, Goss & Bowers*, 404 F.3d 933, 936 (5th Cir. 2005) (citing *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc) ("[W]e have oft stated that 'the relief sought, that to be granted, or within the power of the Court to grant, should be determined by substance, not a label.'")). Under this duty, a district court may construe the purpose of an order or motion as something different than what its title suggests. *Id.* Arredondo is not represented by counsel; the Court will give him leeway in the application of his motion.

In substance, Arredondo's motion for summary judgment ultimately means to challenge Schubert's complaint on the grounds that it fails to allege his fraud claims with particularity concerning the circumstances of the fraud Arredondo allegedly committed against Schubert. Accordingly, the Court construes Arredondo's summary judgment motion as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6); FED. R. BANKR. P. 7012(b) (applying FED. R. CIV. P. 12(b) to adversary proceedings). Particularly, the Court interprets Arredondo's motion as alleging that Schubert's complaint fails to sufficiently allege his fraud claims with particularity as required under FED. R. CIV. P. 9(b). FED. R. BANKR. P. 7009 (applying FED. R. CIV. P. 9(b) to adversary proceedings).

Because the Court construes Arredondo's motion for summary judgment as a motion to dismiss under Rule 12(b)(6) and Rule 9(b), incorporated into adversary proceedings under FED. R. BANKR. P. 7009 and 7012(b), the Court will allow Schubert 21 days from the date of issuance of this Memorandum Opinion to respond. To prove that he plead fraud adequately, Schubert must show the Court that his complaint specified the statements contended to be fraudulent,

identified the speaker of the fraud, stated when and where the statements were made, and explained why the statements were fraudulent. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010). In the alternative, Schubert may file an amended complaint to satisfy these requirements.

## Conclusion

The Court will issue an Order consistent with this Memorandum Opinion.

SIGNED **March 7, 2017.**

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Marvin Isgur
　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE